UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEWIS MARTIN MOTON, JR.,

    Plaintiff,

v.                                                       Case No. 8:09-cv-135-T-23TGW

CAPTAIN A.B. CONNER,

    Defendant.
                                         /

**O R D E R**

Moton was unable to serve the defendant in this case. Service by mail at the Florida Department of Corrections ("DOC") institution was ineffective because the defendant retired at some undisclosed time between January, 2005, when the alleged incident occurred, and July, 2009, when service by mail was attempted.[*] Moton's request that the U.S. Marshal conduct an investigation to ascertain the defendant's home address was rejected. (Doc. 21) Moton's request to permit service by publication was rejected. (Doc. 24) Moton was advised that his responsibility to obtain a valid address to effect service of process is not excused because of Florida's open records law, which precludes the disclosure of the home address of retired law enforcement personnel. Melton v. Wiley, 262 Fed. Appx. 921, n.3 (11th Cir. 2008) ("We do not accept that Georgia's open records law excused Plaintiff's failure to perfect service as

---

[*] Moton waited until the four-year statute of limitation nearly expired before commencing this case.

provided by Ga. Code Ann. § 9-11-4(e)(7)."). After these several unsuccessful attempts to find a means to effect service of process, Moton's civil rights case was dismissed. (Doc. 26) Moton's request for reconsideration (Doc. 27) was denied (Doc. 28), but because the dismissal was effectively a dismissal with prejudice (the statute of limitation expired days after this case commenced), Moton was given one last opportunity to present a viable means to effect service of process. Moton's response (Doc. 29) shows a change in the law that warrants a new opportunity to effect service.

On the same day this case was dismissed (March 2, 2010) for the failure to effect service of process, the Eleventh Circuit issued Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010), holding that an in forma pauperis prisoner is entitled to rely on the U.S. Marshal to obtain a valid address for a former correctional official.

> It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison. Thus, we conclude that, as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes.

When Moton's case was dismissed, no binding precedent existed requiring the U.S. Marshal to find a current address to effect service. "We have no binding authority stating whether a pro se prisoner-litigant proceeding IFP is at fault when he cannot provide the current address of a prison guard to the court-appointed service agent." Richardson, 598 F.3d at 739. The unsuccessful service in this case is solely because the fully identified defendant is no longer subject to service of process at his former place of employment. Through "reasonable efforts" the U.S. Marshal might obtain a

current address to effect service. Consequently, Moton is entitled to a new 120 days to effect service of process on the defendant, a retired corrections official.

Accordingly, based on Moton's response (Doc. 29), the order of dismissal (Doc. 26) and the denial of reconsideration (Doc. 28) are **VACATED**. The clerk shall **RE-OPEN** this case and send to Moton each of the following forms. Moton must complete the enclosed forms for the defendant:

A. Notice of Lawsuit and Request for Waiver of Service of Summons

Plaintiff shall complete blanks A-F on the Notice of Lawsuit and Request for Waiver of Service of Summons Form. On blank A plaintiff shall write the NAME AND ADDRESS of the defendant to whom the notice will be sent. THE FORMS WILL BE RETURNED IF PLAINTIFF FAILS TO WRITE THE ADDRESS ON BLANK A. Plaintiff should write in "30" in Blank F. PLAINTIFF MUST SIGN THE NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS FORM. Plaintiff should not write the date on the line that reads: "I affirm that this request is being sent to you on behalf of the plaintiff, this _____ day of _____ ."

B. Waiver of Service of Summons

Plaintiff shall write his name on the top blank line of the form. Plaintiff also shall complete the next four lines of the form: in the space marked "caption of action," Plaintiff should write the names of the parties as shown on the first page of this order ( v. ). Plaintiff should not write on the line marked "date request was sent" or any of the following lines on the form.

C. Summons and Marshal's forms (Form 285)

Plaintiff is required to write the name(s) and address(es) of the Defendant(s) in the appropriate spaces on the summons and marshal's forms. Plaintiff shall write "20" as the number of days allowed to answer. PLAINTIFF MUST SIGN THE 285 FORMS.

Moton must provide (1) one copy of the Civil Rights Complaint, (2) two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, (3) two copies of the Waiver of Service of Summons, and (4) one copy of this order.  Moton must return the completed forms and copies to the clerk's office within **TWENTY (20) DAYS**.  The failure to timely return the completed forms will result in dismissal for failure to prosecute, without further notice.

ORDERED in Tampa, Florida, on April 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE